UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN MANUEL CISNEROS MATA
A-204-938-545,

            Petitioner,

    v.

WARDEN OF THE GOLDEN STATE
ANNEX ICE DETENTION FACILITY, et
al.,

            Respondents.

No.  1:26-cv-0189-DC-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Juan Manuel Cisneros Mata is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The first amended petition, respondents' opposition and motion to dismiss, and petitioner's reply are before the court. (ECF Nos. 12, 13, 14.) This matter was referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1). For the following reasons, the undersigned recommends the court grant the first amended petition and order respondents to provide petitioner a bond hearing before an immigration judge.

I.    **Background**

Petitioner is a citizen of Mexico who entered the United States on or about July 2, 2005. (ECF No. 14 at 2.) He has resided in the United States for more than 20 years. (ECF No. 12 at 3.)

////

1

On August 14, 2013, petitioner received a letter from USCIS, deferring action in his removal under Deferred Action for Childhood Arrivals ("DACA") for two years. (ECF No. 12 at 3.) On January 14, 2019, petitioner received his renewal for DACA, which was valid until February 12, 2021. (Id.) Petitioner was going through the process of renewing his DACA application, but his application has since been denied due to his current detention status. (Id.)

On or about August 6, 2025, petitioner was detained by ICE while attending criminal court proceeding in the Fresno County Superior Court for driving under the influence (DUI), which has now been dismissed. (ECF No. 12 at 2-3.) He has been held at the Golden State Annex Detention Facility since then. (Id. at 2.)

Proceeding pro se, petitioner filed this case on January 12, 2026. (ECF No. 1.) The court granted leave to proceed in forma pauperis and appointed counsel for petitioner. (ECF Nos. 2, 3.)

Proceeding through appointed counsel, petitioner filed a first amended petition on February 27, 2026. (ECF No. 12.) Petitioner claims his continued detention violates the Immigration and Nationality Act ("INA") and Fifth Amendment and that he has been improperly categorically denied custody review. (Id. at 5.) The first amended petition seeks relief in the form of release from custody or other just and proper relief. (Id. at 7.)

Respondents filed an opposition and motion to dismiss the petition. (ECF No. 13.) Respondents contend petitioner is ineligible for a bond hearing because he is an "applicant for admission" subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2). (ECF No. 13 at 2.) Respondents argue he possesses no right to freedom from immigration detention in any form other than the form provided by Congress, and thus that the petition should be denied. (Id. at 2.) Respondents also ask the court to hold the matter in abeyance pending the Ninth Circuit's resolution of Rodriguez v. Bostock, 779 F.Supp.3d 1239, 9th Cir. Docket No. 25-6842.

Petitioner filed a reply. (ECF No. 14.) The counseled reply states petitioner seeks only the minimum process the Constitution requires: an individualized bond hearing at which the Government must justify continued detention. (Id. at 2.)

////

////

2

## II.     Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[In] cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." Nadaraja v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006); see also Flores-Torres v. Mukasey, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

## III.     Discussion

Petitioner alleges he is in full removal proceedings under INA § 240, his case is not set for expedited resolution, and no individualized custody hearing has occurred. (ECF No. 12 at 2.) Respondents do not dispute these allegations.

Petitioner does not allege he was arrested or placed in immigration custody at or near the time he entered the United States and the record contains no such indication. Although petitioner previously received deferred action (DACA) status, that status expired on February 12, 2021. (See ECF No. 12 at 3.)

"Numerous district courts have held that [8 U.S.C.] § 1226, rather than § 1225, applies to individuals who were physically present in the United States for some period of time before they were detained by ICE." Gutierrez v. Chestnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); see also Singh v. Bondi, et al., No. 1:26-cv-0490 DAD DMC, 2026 WL 221373, at *2 (E.D. Cal. Jan. 28, 2026) ("[B]ecause petitioner resided in the United States… when he was re-detained, respondents' assertion that petitioner is subject to mandatory detention under § 1225(b)(2) is unsupported."). The undersigned finds persuasive the reasoning of these cases holding that § 1226 applies to individuals who were physically present in the United States for some period of time before they were detained by ICE. See also Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE

3

arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)"); but see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (holding individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)).

The undersigned finds petitioner is currently detained pursuant to 8 U.S.C. § 1226(a), which applies to non-citizens "detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226(a) "is the default detention statute for noncitizens in removal proceedings[.]" Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). Under § 1226(a), the government has discretion whether to release or detain the individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022).

Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2). If a noncitizen wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, respondents are violating the INA, as codified at 8 U.S.C. § 1226(a), by detaining petitioner without a bond hearing. Habeas relief is warranted on petitioner's statutory claim.

Petitioner does not establish he is entitled to an order of release. Considering § 1226(a)'s discretionary detention framework, and the absence of prior release on bond pursuant to § 1226(a), an order directing respondents to provide a bond hearing is the appropriate remedy. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez v. Bostock, 779 F. Supp. 3d at 1263 (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]").

4

Petitioner is entitled to habeas relief in the form of a bond hearing on his claim asserting a violation of the INA. In light of this determination, the court need not address petitioner's Fifth Amendment due process claim seeking the same relief as the INA claim. See Nw. Austin Mun. Util. Dist. No. One v. Holder, 557 U.S. 193, 205 (2009) ("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case") (citations omitted).

The court's adoption of these findings and recommendations would resolve the pending habeas petition on its merits, and no further briefing is necessary. Accordingly, respondents' request for a stay pending the resolution of Rodriguez v. Bostock, 779 F.Supp.3d 1239, should be denied.

**IV.     Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  Respondents' motion to dismiss and request for a stay (ECF No. 13) be denied.

2.  The first amended petition for writ of habeas under 28 U.S.C. § 2241 (ECF No. 12) be granted in part.

3.  Respondents be ordered to provide petitioner Juan Manuel Cisneros Mata (A-204-938-545) a bond hearing before an Immigration Judge within seven (7) days of adoption of these findings and recommendations, and to file notice certifying compliance within (3) three days of the bond hearing.

4.  Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that

/////

/////

5

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 25, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 mata0189.mer

6